# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ANDREW JOSTEN LOVINGOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No.: _____ |
| ) | |
| BILL JOHNSON, DERRICK ) | DEMAND FOR TRIAL BY JURY |
| GRAVES, and MONROE COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR VIOLATIONS OF
## PLAINTIFF'S CONSTITUTIONAL RIGHTS

**COMES NOW** Plaintiff, Andrew Josten Lovingood, by and through his undersigned counsel and files this his Complaint for damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Constitution of the United States as follows:

## PARTIES

**PLAINTIFF**

1. At all times material hereto, Plaintiff was detained/arrested by Defendants Johnson and Graves. He was a resident of Monroe County, Tennessee. At all times material hereto, Plaintiff suffered from mental/psychological illnesses, including being bi-polar, depressed and suffering from anxiety attacks.

**DEFENDANTS**

2. Defendant Bill Johnson was employed by the Monroe County, Tennessee Sheriff's Department. At all times material he was acting under color of law.

3. Defendant Bill Johnson's acts and failures to act were in his official capacity while working for the Monroe County Sheriff's Department.

4. In the alternative, Defendant Bill Johnson was acting under color of law outside the course and scope of his employment and in his individual capacity.

5. Defendant Derrick Graves was employed by the Monroe County, Tennessee Sheriff's Department. At all times material he was acting under color of law.

6. Defendant Derrick Graves' acts and failures to act were in his official capacity while working for the Monroe County Sheriff's Department.

7. In the alternative, Defendant Derrick Graves was not on duty at the time but was acting under color of law outside the course and scope of his employment and in his individual capacity.

8. Defendant Monroe County, Tennessee is a governmental entity organized and existing pursuant to the laws of the State of Tennessee.

9. By statute, Defendant Monroe County, Tennessee is liable for the non-negligent acts of Defendants Johnson and Graves. T.C.A. § 8-8-302.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction under 28 U.S.C. § 1331 for Plaintiff's claims arising out of Constitutional violations by Defendants and under 42 U.S.C. § 1983.

11. Venue lies in the United States District Court for the Eastern District of Tennessee, Northern Division, at Knoxville, Tennessee pursuant to 26 U.S.C. § 1391(b)(2) because substantially all of the events or omissions giving rise to the Plaintiff's claims occurred in Monroe County, Tennessee.

## GENERAL FACTUAL ALLEGATIONS

12. On April 19, 2014 Plaintiff was at the Election Commission voting. However, he became uncomfortable as he suffers from emotional and/or psychological issues, and he left with the idea of going home.

13. Defendant Bill Johnson, who knew Plaintiff by sight, was on routine road patrol in his marked cruiser in his capacity as a Deputy Sheriff for the Monroe County Sheriff's Department.

14. Defendant Bill Johnson spotted Plaintiff's vehicle and followed Plaintiff for several miles before stopping him on the road.

15. Plaintiff stopped his car on the side of the road and put his head out of the window to ask what was wrong.

16. Defendant Derrick Graves, off duty at the time and riding in a separate car, stopped to assist Johnson who outranked Graves, without knowing why Defendant Johnson had stopped Plaintiff, and then followed Johnson to the Jail and participated in the use of excessive force at the Jail. Defendants Graves and Johnson subjected Plaintiff to a beating, a tasering, and then hog-tied him and placed Plaintiff in the back of a patrol car before transporting Plaintiff to the Monroe County Jail where their actions were recorded by the Jail surveillance cameras. The existence of these cameras was well-known to all of the Monroe County deputies and corrections officers, including Defendants Graves and Johnson.

17. At the Jail Defendant Johnson pulled Plaintiff out of the car and threw him to the ground with the assistance of Derrick Graves.

18. Defendants Johnson and Graves engaged in the use of excessive force during the arrest of Plaintiff and the transporting of Plaintiff to the Monroe County Jail and further beat

Plaintiff while hog-tied and handcuffed in the drunk tank at the Monroe County Jail in full view of the Jail surveillance cameras.

19. Many months later, Defendants Graves and Johnson were fired from the Monroe County Sheriff's Department and criminally charged with the illegal use of force on Plaintiff.

20. Defendant Graves has entered a guilty plea as to the charges arising out of this incident. Graves has admitted that he did commit the offenses against Plaintiff to which Graves entered pleas and admitted that he was never disciplined or even the subject of any investigation into his actions that day prior to being indicted for his actions. Graves admitted that he used "knee strikes" on Plaintiff while Plaintiff was restrained in a cell at the Monroe County Jail with Defendant Johnson, and while multiple other deputies and corrections officers watched and while Plaintiff was restrained.

21. These actions by Defendants Johnson and Graves and others were observed, and recorded, by other jailers employed by the Monroe County Sheriff's Department and assigned to work at the Jail. Those jailers took no action to protect Plaintiff from the beating he received at the hands of Graves and Johnson inside the "drunk tank" at the Jail.

22. Defendant Monroe County through Sheriff Bivens were made aware immediately of the excessive use of force on Plaintiff and failed to take action for months, allowing Defendants Graves and Johnson to continue working as deputy sheriffs for the County.

23. Prior to April 1, 2014 Defendant Monroe County and Sheriff Bivens knew that its deputies were engaging in a pattern of the repeated use of excessive force against citizens, including persons who were housed in the Monroe County Jail.

24. Prior to April 1, 2014 the training of deputies to recognize and handle encounters with persons who are mentally ill or suffering from some psychological illness was inadequate to ensure that the deputies would not use excessive force on such persons who were in crisis.

25. Prior to April 1, 2014 Defendant Monroe County through Sheriff Bivens were aware that deputy sheriffs were going into the Monroe County Jail and subjecting inmates to the gratuitous use of force and/or to excessive force and yet had taken no action to prevent this abuse. Specifically, they were placed on notice from the facts set forth in Carter v. Goodman, et al, Sixth Circuit, Eastern District of Tennessee, Case Number 3:2013-cv-00025.

26. Prior to April 1, 2014 Defendant Monroe County had a written generalized policy against the excessive use of force and yet failed to enforce that policy and/or ratified the use of excessive force by deputies during arrest and after persons were incarcerated at the Jail.

27. Prior to April 1, 2014 Defendant Monroe County through Sheriff Bivens repeatedly fired, and rehired, deputies who were accused of and/or admitted to incidents of use of excessive force, which sent the message to all deputies that the use of excessive force would not be a "career-ender", and would be tolerated by Defendant Monroe County. Carter v. Goodman, et al, Sixth Circuit, Eastern District of Tennessee, Case Number 3:2013-cv-00025. (Deputy John Wilburn, who was one of the deputies involved in the Carter abuse – fastening inmate Carter into a restraint chair and then spraying pepper spray in his face which he was restrained - was rehired by Defendant Monroe County); Deputy Sonny Smart cold-cocked an inmate Justin Bell at the Monroe County Jail, which incident was caught on the surveillance tape, and yet Defendant Bivens did not discipline or fire Deputy Sonny Smart, but instead arranged for the inmate's charges to be reduced in exchange for no civil suit being filed; Deputy Trent Prock tasered a sleeping inmate while the inmate was on his bunk posing no threat to anyone and yet Prock was not fired or disciplined; Trina Sue Graham v. Monroe County, Tennessee et al, Monroe County Circuit Court Case Number V07340 and Graham et al v. Monroe County, Tennessee et al, Sixth Circuit, Eastern District of Tennessee, Case Number 3:2007-cv-00422 (Deputy Albert Medina, assigned as a school resource officer, dragged the

child by her hair into his truck and then took her to the Monroe County Jail where she was shackled to a chair and placed in a cell with adults even though she was a juvenile. Medina was not terminated and went on to drag a special needs child into an office and restrain the child with a chokehold).

28. These incidents placed Defendant Monroe County on notice that the customs and practices of the Monroe County Sheriff's Department regarding disciplining, supervising and retaining "problem deputies" were wholly inadequate to prevent the recurring pattern of physical abuse of persons in custody of Monroe County. These recurring incidents demonstrate that Defendant ignored the plain history of physical abuse that continued notwithstanding their "training". This establishes that the alleged "training" was inadequate and required additional training and/or closer supervision of deputies to prevent.

29. Despite the knowledge that two of their deputies had used excessive force when making the arrest of Plaintiff and/or while Plaintiff was at the Monroe County Jail, Defendant Monroe County and Bivens took no action to investigate and discipline Defendants Graves and Johnson.

**THREE SEPARATE INSTANCES OF USE OF EXCESSIVE FORCE**

30. During the original stop of Plaintiff he was beaten, tasered, and "hog-tied" by Defendants Johnson and Graves before being placed in Defendant Johnson's cruiser.

31. Upon arrival at the Jail, Johnson parked outside the sally port and Monroe County Deputy Parks, who is Johnson's step-brother, assisted Johnson in removing Plaintiff from Johnson's car and then hurling Plaintiff, who was still in handcuffs and leg restraints, out of the patrol car and onto the concrete pavement. Parks was one of the Deputies in the "drunk tank" while Graves and Johnson beat Plaintiff who was restrained at the time.

32. Plaintiff was then unceremoniously hauled into the gated enclosure and into the building into the booking area. Plaintiff remained handcuffed and hog-tied and was ultimately transferred into the "drunk tank" where Johnson and Graves subjected Plaintiff to a beating while he was still handcuffed and hog tied inside the "drunk tank".

33. The Sixth Circuit has consistently held that it is a constitutional violation to subject a prisoner who is restrained and no longer a threat to the law enforcement officers to blows about the face, head and body.

34. This conduct has been deemed the unconstitutional use of force since at least 1991 and therefore any reasonable officer would have known that such actions while a suspect was handcuffed and hog-tied and deposited alone in a monitored "drug tank" at the Jail was unlawful.

35. Defendant Monroe County acting through the Monroe County Sheriff's Department never watched the surveillance videos available to it that showed Defendants Graves and Johnson physically abusing Plaintiff on two of the three separate occasions while at the Monroe County Jail.

36. Plaintiff is entitled to reasonable attorneys fees and costs pursuant to 42 U.S.C. § 1988.

**COUNT I**
**VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS TO BE FREE FROM EXCESSIVE USE OF FORCE BY DEFENDANT BILL JOHNSON**

37. Plaintiff re-alleges those facts set forth in paragraphs 1-36, inclusive.

38. Plaintiff's right to be free from the excessive use of force during a stop and/or arrest was clearly established as of April 19, 2014.

39. A reasonable officer would have known on April 19, 2014 that the use of force, including tasering and beating a citizen who was not believed to have committed any crime,

much less a felony, and who was handcuffed and hogtied at the time was a violation of Plaintiff's constitutional rights.

40. The beating, tasering, and physical abuse suffered by Plaintiff at the hands of Defendant Johnson deprived Plaintiff of his constitutional rights to be free from such abuse.

41. Defendant Johnson's actions were vicious, malicious, intentional, willful, and/or wanton so as to support the imposition of punitive damages against him as a deterrent to him in the future and as a deterrent for others who might be inclined to engaged in similar constitutional violations.

42. As a result, Plaintiff has suffered physical injuries and damages, and the exacerbation of a pre-existing emotion/psychological condition, which have resulted in hospitalization, medical treatment, and the need for psychological treatment, as well as psychological distress and the loss of the capacity for the enjoyment of life.

**WHEREFORE,** Plaintiff demands judgment against Defendant Bill Johnson in the amount of one million dollars and no cents ($1,000,000.00), plus reasonable attorneys' fees, costs of this action, and punitive damages in the amount of two million two hundred and fifty thousand dollars and no cents ($ 2,250,000.00).

**COUNT II**
**VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS TO BE FREE FROM EXCESSIVE USE OF FORCE BY DEFENDANT DERRICK GRAVES**

43. Plaintiff re-alleges those facts set forth in paragraphs 1-36, inclusive.

44. Plaintiff's right to be free from the excessive use of force during a stop and/or arrest was clearly established as of April 19, 2014.

45. A reasonable officer would have known on April 19, 2014 that the use of force, including tasering and beating a citizen who was not believed to have committed any crime, much less a felony, was a violation of Plaintiff's constitutional rights. Specifically, Defendant

Graves has admitted that he knew that his conduct as described herein was wrongful, and criminal.

46. The beating, tasering, and physical abuse suffered by Plaintiff at the hands of Defendant Graves deprived Plaintiff of his constitutional rights to be free from such abuse.

47. Defendant Graves's actions were vicious, malicious, intentional, willful, and/or wanton so as to support the imposition of punitive damages against him as a deterrent to him in the future and as a deterrent for others who might be inclined to engaged in similar constitutional violations.

48. As a result, Plaintiff has suffered physical injuries and damages, and the exacerbation of a pre-existing emotion/psychological condition, which have resulted in hospitalization, medical treatment, and the need for psychological treatment, as well as psychological distress and the loss of the capacity for the enjoyment of life.

**WHEREFORE,** Plaintiff demands judgment against Defendant Derrick Graves in the amount one million dollars and no cents ($1,000,000.00), plus reasonable attorneys' fees, costs of this action, and punitive damages in the amount of two million two hundred and fifty thousand dollars and no cents ($ 2,250,000.00)

### COUNT III

### FAILURE ON THE PART OF DEFENDANT MONROE COUNTY TO TRAIN DEPUTIES TO PREVENT THE USE OF EXCESSIVE FORCE DURING ARRESTS AND WHILE INCARCERATED IN THE JAIL

49. Plaintiff re-alleges those facts set forth in paragraphs 1-36, inclusive.

50. In April of 2014, it was the duty of the elected official, Sheriff Bill Bivens, in his official capacity, to train deputies working for the Monroe County Sheriff's Department/Monroe County in the constitutional use of force and how to approach encounters with persons who were

mentally and/or emotionally disturbed so as to avoid the use of excessive force and/or the gratuitous use of force.

51. The pattern of instances of the use of excessive force on arrestees and inmates, including emotionally disturbed persons, at the Monroe County Jail, clearly established the need for training that would prevent this type of use of force and/or the gratuitous use of force on emotionally disturbed persons. The alleged "training" was so inadequate as to make the continued use of excessive force within the Monroe County Sheriff's Department substantially certain to occur.

52. Due to the failure and refusal of Monroe County to adjust the training of deputies such as Defendants Graves and Johnson following the multiple complaints and lawsuits as set forth above, Defendants Graves and Johnson felt free to physically abuse a mentally disturbed prisoner who was handcuffed and hogtied both at the scene of Plaintiff's arrest, but also upon arrival at the Monroe County Jail.

53. This violation of Plaintiff's constitutional rights by failing to adequately train deputies within the Monroe County Sheriff's Department in the constitutionally permissible use of force was deliberately indifferent to Plaintiff's rights not to be subjected to the unconstitutional use of force and has resulted in physical injuries and damages to Plaintiff, and the exacerbation of a pre-existing emotion/psychological condition, which have resulted in hospitalization, medical treatment, and the need for psychological treatment, as well as psychological distress and the loss of the capacity for the enjoyment of life

**WHEREFORE,** Plaintiff demands judgment against Defendant Monroe County in the amount of three million seven hundred fifty thousand dollars and no cents ($3,750,000.00), plus reasonable attorneys' fees, and costs of this action.

# COUNT IV
## RATIFICATION BY DEFENDANT MONROE COUNTY OF THE UNCONSTITUTIONAL USE OF FORCE BY DEPUTIES

54. Plaintiff re-alleges those facts set forth in paragraphs 1-36, inclusive.

55. Despite knowing prior to April 19, 2014 that Monroe County deputies were engaging in the excessive use of force on persons being arrested and/or incarcerated at the Monroe County Jail, often in full view of surveillance cameras at the Monroe County Jail, Defendant Monroe County failed to discipline and/or terminate those deputies engaging in the unconstitutional use of force.

56. Defendant Monroe County knew through complaints made to Sheriff Bill Bivens of the use of excessive force on Plaintiff and yet no investigation into the conduct of Defendants Johnson and Graves was commenced, including no viewing of the readily available Jail surveillance footage or interviews of Jail personnel, or Plaintiff.

57. Defendants Johnson and Graves knew of the existence of the Monroe County Jail surveillance cameras and yet freely engaged in the unconstitutional use of force on Plaintiff while he was fully restrained because they knew from the past pattern by Monroe County that there would be no investigation and/or charges and/or termination of a deputy for such conduct.

58. Defendant Monroe County ratified the unconstitutional use of force by its deputies, including Defendants Johnson and Graves.

59. As a result of the ratification by Defendant Monroe County, Plaintiff was then subjected to a violation of his constitutional rights not be to subjected to the excessive use of force at the hands of these Defendants which caused him physical injuries and damages, and the exacerbation of a pre-existing emotion/psychological condition, which have resulted in hospitalization, medical treatment, and the need for psychological treatment, as well as psychological distress and the loss of the capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant Monroe County in the amount of three million seven hundred fifty thousand dollars and no cents ($3,750,000.00), plus reasonable attorneys' fees, and costs of this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable as of right by jury.

RESPECTFULLY SUBMITTED, this the **5th** day of **January,** 2019.

**THE BOWLIN LAW FIRM P.C.**

BY: _____ *for the Firm*
Troy L. Bowlin, II BPR No. 025893
Attorney for Andrew Lovingood
First Tennessee Plaza
800 South Gay St. Suite 2131
Knoxville, TN 37929
Telephone: (865) 245-2011
troy@tblf-pc.com
www.bowlinlawfirmpc.com