UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANDREW JOSTEN LOVINGOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-00009-JRG-HBG |
| | ) |
| MONROE COUNTY, TENNESSEE, | ) |
| DERRICK GRAVES, and | ) |
| BILL JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## SCHEDULING ORDER

This case is set for a **JURY TRIAL on <u>Tuesday, March 16, 2021, at 9:00 a.m.,</u>** at the United States District Courthouse, 4th Floor Courtroom, 220 West Depot Street, Greeneville, Tennessee. It is **ORDERED** that, unless otherwise directed by the Court, the following shall govern in this case:

1. All discovery methods listed in Rule 26(a), Federal Rules of Civil Procedure, shall be completed by **<u>March 2, 2020</u>**. This shall include all motions relating to discovery.

2. All motions, including motions to dismiss and/or for summary judgment, shall be filed by **<u>July 13, 2020</u>**. Responses shall be filed in accordance with Local Rule 7.1, EDTN.

3. Plaintiff shall have up to and including **<u>August 31, 2020</u>**, to file with the Clerk of Court a statement entitled "Pretrial Narrative Statement," if he wishes to amend or modify the one he has already filed with the Court. The Pretrial Narrative Statement shall contain:

   (a) A *brief* general statement of the case, including the manner by which each defendant allegedly violated Plaintiff's constitutional rights;

(b) A *brief* narrative written statement of the facts that will be offered by oral or documentary evidence at trial;

(c) A list of all exhibits to be offered into evidence at the trial of the case;

(d) A list of the names and addresses of all witnesses that Plaintiff intends to call;[1]

(e) A *brief* summary of the anticipated testimony of *each* witness named in (d); and

(f) Whether there was a conviction in connection with this case.

Plaintiff shall serve a copy of the Pretrial Narrative Statement in accordance with paragraph 7 below.

4. On or before **October 19, 2020**, Defendants shall file with the Clerk of Court and serve a copy upon Plaintiff, a "Pretrial Narrative Statement," entitled as such, which shall contain the information set out in paragraph 3(a) through (e) above.

5. Failure of the parties to disclose fully in the Pretrial Narrative Statement the substance of the evidence to be offered at trial will result in the *exclusion* of that evidence at trial. The only exception will be (1) matters which the Court determines were not discoverable prior to the discovery completion date hereinbefore set out, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

6. If Plaintiff fails to file a Pretrial Narrative Statement as required by paragraph 3 of the Scheduling Order, paragraph 4 shall be inoperative, and Defendant(s) shall notify the Court in

---

[1] See attached notice.

writing of Plaintiff's failure to comply. Plaintiff's failure to file a Pretrial Narrative Statement will result in dismissal of Plaintiff's complaint for failure to prosecute and to comply with the orders of this Court. Rule 41(b), Federal Rules of Civil Procedure.

7. Plaintiff shall serve upon defense counsel a copy of every pleading, motion, memorandum or other paper submitted for consideration by the Court, and shall include on the original document filed with the Clerk of Court a certificate stating the date that a true and correct copy of the pleading, motion, memorandum or other paper was mailed to counsel. All pleadings, motions, memoranda or other papers shall be filed with the Clerk and must include a certificate of service, or they will be disregarded by the Court.

8. If, at any time, Plaintiff's address changes, Plaintiff must notify the Court within fourteen (14) days of his/her new mailing address. Failure to do so will result in the dismissal of Plaintiff's case.

9. The Clerk may provide counsel and Plaintiff with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list"). Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection. Following jury selection, counsel and any other person provided the jury list must return to the Clerk the jury list and any copies made from the jury list or destroy them.

So ordered.

ENTER:

                                            s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE

United States District Court
Eastern District of Tennessee

*Notice Regarding Issuance of Civil Subpoenas*

If you ask that subpoenas be issued in your pending civil lawsuit, please pay close attention to the following:

**YOU** are responsible for serving any subpoenas you believe are necessary. The district court clerk will issue to you, upon request, the blank subpoenas which you must fill out and then have served upon the witness(es) you want subpoenaed.

A subpoena may be served by the United States Marshal, or his authorized deputy, or by any other person who is not a party in the action and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to that person the fees for one day's attendance and the mileage allowed by law. Federal Rules of Civil Procedure 45(c).

If you are indigent and cannot afford to pay for service of the subpoenas, you must file a motion asking the Court to order the subpoenas served. In that motion, you must tell the Court why the witness(es) is (are) importance to your case.

The per day attendance fee is now $40.00 per person, and mileage is .54 cents per mile. 28 U.S.C. § 1821(c)(2). You are advised that you are responsible for payment of the witness fee; the Court will **NOT** pay these fees. *See Johnson v. Hubbard*, 698 F.2d 286, 289–90 (6th Cir.), *cert. denied*, 464 U.S. 917 (1983).

You are also advised that a witness does not have to obey a subpoena unless it is accompanied by the first day's attendance fee and travel expenses allowed by law. 28 U.S.C. § 1821; Fed. R. Civ. P. 45(c).

If a witness is a prisoner, you **MUST** file a motion asking the Court to issue a writ of habeas corpus ad testificandum for that person. In the motion, you must tell the Court why the witness(es) is(are) important to your case. When you file your motion, **PLEASE** state that person's **FULL NAME, PLACE OF INCARCERATION, AND PRISONER NUMBER**. If you cannot provided the needed information, the state corrections department cannot find that person and cannot produce him or her for your trial. It is up to you to provide the Court with this information.