UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ANDREW JOSTEN LOVINGOOD,<br><br>Plaintiff,<br><br>vs.<br><br>MONROE COUNTY, TENNESSEE,<br>DERRICK GRAVES, BILL JOHNSON,<br><br>Defendants | 3:19-CV-00009-DCLC |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andrew Lovingood has filed a Motion for Partial Summary Judgment [Doc. 23] against Defendant Derrick Graves for "violation of the Fourth Amendment … for use of excessive force on Plaintiff while acting under color of law … and the underlying constitutional violation with respect to his *Monell* claims." [Doc. 23, pg. 1]. Defendant Derrick Graves has also filed a Motion for Summary Judgment [Doc. 25] arguing that he is entitled to qualified immunity. For the reasons that follow, both motions [Docs. 23, 25] are DENIED.

**I.    BACKGROUND**

On April 19, 2014, Deputy Sheriff Bill Johnson stopped Plaintiff as he was driving his vehicle on Niles Ferry Road in Monroe County, Tennessee. [Doc. 9, ¶ 13]. When Plaintiff was non-compliant with Johnson's requests, Johnson radioed for backup. Defendant Graves, who was off duty at the time, was in the vicinity and stopped to provide assistance. That is about all that is undisputed in this case. At this point, the stories part. Plaintiff claims Johnson "manhandled" him out of the car when he was "just trying to get [his] license." [Doc. 35-1, pg. 5]. Plaintiff claims that while he was handcuffed and on the ground, Graves fired a taser into his

1

back. He also claims Graves punched him and twisted his hand and wrists back, injuring him when he was handcuffed at the scene of the traffic stop [Doc. 35-1, pg. 17]. After Johnson and Graves restrained him, Plaintiff claims Graves tased him a second time "in the lips." [Doc. 35-1, pg. 19]. At the jail, Plaintiff claims that while still handcuffed, Graves along with some other officers entered the cell and surrounded him. At that point, Plaintiff claims that Graves struck and punched him in the head and body even though he remained handcuffed. Plaintiff denies trying to bite any officers at the jail [Doc. 35-1, pg. 23].

Graves, on the other hand, tells a different story. He claims that he went to help Johnson at the traffic stop and saw a struggle in the middle of the road with Plaintiff not complying with Johnson's commands. [Doc. 25-1, ¶ 10]. Graves claims he tased Plaintiff "[b]ecause of the uncertainty of the state of mind of [Plaintiff] and [his] non-compliance…." [*Id.* at ¶ 13]. Graves claims that when Plaintiff arrived at the jail, he was "unruly" and was attempting to bite and harm the officers. [*Id.* at ¶ 23]. While Plaintiff was handcuffed, Graves administered several knee-strikes to his face and lower body.

A little over five months later, Plaintiff made a complaint regarding the use of force against him. The sheriff reviewed the April incident and fired Graves for excessive force. Graves was then indicted by the grand jury for assaulting Plaintiff in violation of Tenn. Code Ann. § 39-13-101 and for official misconduct in violation of Tenn. Code Ann. § 39-16-402. Graves plead guilty to two misdemeanors of assault and attempted official misconduct. Graves' plea to the court was not included in the record so it is unclear as to the specific type of plea he offered or what specific act constituted the assault. Deputy Johnson was also indicted, but he contested the charge, went to trial and was acquitted.

Plaintiff filed a suit pursuant to 42 U.S.C. § 1983 for excessive force in violation of the

2

Fourth Amendment against Defendants Johnson and Graves (counts I and II) and failure to train and "ratification" against Monroe County (counts III and IV).

## II.     LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, the Court must view the facts contained in the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to "come forward with significant probative evidence showing that a genuine issue exists for trial." *McKinley v. Bowlen*, 8 F. App'x 488, 491 (6th Cir. 2001).  A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the nonmoving party based on the record.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986).

## III.    ANALYSIS

### A.     Plaintiff's Motion for Summary Judgment [Doc. 23]

#### 1.     Plaintiff's Motion as to Defendant Graves

Plaintiff argues that he is entitled to summary judgment on the excessive force claim because Grave plead guilty to assaulting him.  "As a result of Graves' guilty pleas, the elements of an Excessive Force claim under both the Fourth and Fourteenth Amendments are established." [Doc. 24, at 6]. He alleges that "Graves is thus estopped from disputing liability and this Court

3

should grant partial summary judgment in Plaintiff's favor…." [*Id.*]. Plaintiff argues that the only issue that should be submitted to a jury is the issue of damages. Defendant Monroe County responded that collateral estoppel is not appropriate under Tenn. Code Ann. § 40-35-313. It also argues that Graves plead guilty but was granted judicial diversion and successfully completed it. It attached a clerk's certification that Graves has no criminal record [Doc. 29-1].

The first issue is the application of collateral estoppel. Plaintiff claims that Graves is estopped from denying he used excessive force against him because he plead guilty to assaulting him. Federal courts must apply state collateral estoppel law when determining whether a state court's judicial determination has preclusive effect in a particular § 1983 action. *Burda Bros., Inc. v. Walsh*, 22 F. App'x 423, 429–30 (6th Cir. 2001) citing *Haring v. Prosise*, 462 U.S. 306, 313, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983). In Tennessee, collateral estoppel "generally bars parties from relitigating issues that have been decided in prior litigation between the same parties or their privies." *George v. Hargett*, 879 F.3d 711, 718 (6th Cir. 2018) (citing *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009)). In order to successfully rely on collateral estoppel, a party must show "'(1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.'" *George*, 879 F.3d at 718 (quoting *Mullins*, 294 S.W.3d at 535).

Plaintiff has alleged Graves committed multiple constitutional violations in the force Graves used against him. Where multiple constitutional violations are alleged, this court

4

analyzes each use of force separately. *Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397, 406 (6th Cir. 2007) ("The proper approach under Sixth Circuit precedent is to view excessive force claims in segments.") (citing *Gaddis v. Redford Twp.*, 364 F.3d 763, 772 (6th Cir.2004); *Dickerson v. McClellan*, 101 F.3d 1151, 1161 (6th Cir. 1996)). This segmented approach requires courts to "first identify the 'seizure at issue' ... and then examine 'whether the force used to effect that seizure was reasonable in the totality of the circumstances, not whether it was reasonable for the police to create the circumstances.'" *Id*. (quoting *Dickerson*, 101 F.3d at 1161).

He alleges that Graves used excessive force during the traffic stop when Graves deployed his taser while Plaintiff was handcuffed [Doc. 1, ¶¶ 43-48]. He claims that Graves beat him and committed "physical abuse" that served to "deprive Plaintiff of his constitutional rights to be free from such abuse." [*Id.* at ¶ 46]. Plaintiff testified that at the jail, Graves used excessive force when Graves punched him and assaulted him on two occasions. Simply put, because Graves plead guilty to assaulting Plaintiff does not mean that he agreed he assaulted him on numerous occasions. His plea to assault does not end the analysis where Plaintiff alleges multiple constitutional violations. Indeed, to grant Plaintiff's motion without any idea about what act constituted the assault or excessive force would confuse the jury. Was the excessive force the deployment of the taser at the scene of the traffic stop? Or was it the punch to the face or the knee strike or the palm strike at the jail?

The indictment does not provide any additional insight into the specifics. It charged Graves with assaulting Plaintiff but is not specific as to the exact conduct that he committed that amounted to an assault. Graves' guilty plea to the assault charge is not included in the record. To be sure, the admission of facts during a plea proceeding may estop a defendant from denying

5

those facts in a subsequent § 1983 action.[1] *Mason v. Louisville Police Dept.*, No. 00-5932, 2001 WL 278185 (6th Cir. 2001). The problem is what *facts* did Graves admit to that constituted the assault. The record is not clear, and Graves did not concede that the force he used against Plaintiff was excessive in his deposition [Doc. 24-1, pg. 2](Q: Was your force excessive? A: I don't think so).

Plaintiff claims that "pleas or convictions by police officers in parallel criminal proceedings can thus render those officers – as defendants in a later civil case – liable as a matter of law for § 1983 claims." [Doc. 24, pg. 7] citing *Mitchell v. New Orleans*, 2016 WL 3127168 at *5 (E.D. La. June 3, 2016); *Page v. Starks*, 2016 WL 347585, at * 2(N.D. Miss. Jan. 28, 2016) (holding that former police officer who pleaded guilty to depriving the plaintiff of his Fourth Amendment rights in violation of § 242 was liable as a matter of law for plaintiff's excessive force claim under § 1983); *Vela v. Alvarez*, 507 F. Supp. 887, 889 (S.D. Tex. 1981)(same). That is true, but in each of those cases, the officer was convicted of a violation of 18 U.S.C. § 242, which is a deprivation of rights under color of law. They did not plead to simple assault. For example, in *Mitchell*, a police officer was convicted after a jury trial of "causing the death of [the victim] while depriving him of his civil rights in violation of 18 U.S.C. § 242." *Mitchell*, 2016 WL 3127168, at *1. The district compared the elements of § 1983 with § 242 and held that they "are generally considered analogues." *Mitchell*, 2016 WL 3127168, at *4.

In this case, Graves plead guilty to simple assault, which unlike § 242, does not have as an element the deprivation of one's civil rights. While it is true that "[w]here a plaintiff asserts a battery claim under Tennessee law that arises out of the same use of force as her § 1983 excessive-force claim, the analysis is the same for both causes of action," *Griffin v. Hardrick*,

---

[1] The Court expresses concern here because Graves seems to be doing exactly that in his declaration and his motion for summary judgment [Docs. 25, 25-1].

604 F.3d 949, 956 (6th Cir. 2010), the Court cannot say, on the record before it, what constituted the assault and what constituted the excessive force.[2] Thus, the Court cannot say that Graves guilty plea to an assault arose out of the same use of force as Plaintiff's § 1983 claim. In *Mitchell*, the defendant's conduct was clearly defined. Here it is not.

Finally, Tennessee law does not generally hold that a plea of guilty will be conclusive on the issues in a subsequent civil action. In *Grange Mut. Cas. Co. v. Walker,* the Tennessee Court of Appeals noted the following:

> A criminal court conviction may work an estoppel in a subsequent civil action where the issues have been determined in the previous criminal prosecution. *Tietelbaum Furs, Inc. v. Dominion Insurance Company,* 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439 (1962). A plea of guilty, however, is generally not conclusive on the issues in a subsequent civil action, *Patrons-Oxford Mut. Ins. Co. v. Dodge,* 426 A.2d 888 (Me.1981); *Kickasola v. Jim Wallace Oil Co.,* 144 Ga.App. 758, 242 S.E.2d 483 (1978), but is competent evidence as an admission against interest.

*Grange Mut. Cas. Co. v. Walker*, 652 S.W.2d 908, 910 (Tenn. Ct. App. 1983); *see also Gibson v. Trant*, 58 S.W.3d 103, 114 n.3 (Tenn. 2001) (explaining that Tennessee courts are especially hesitant to give a guilty plea preclusive effect in the context of offensive collateral estoppel, which is where "the plaintiff attempts to prevent the defendant from relitigating an issue"). Thus, besides the ambiguity with the state of the record, Tennessee law seems to be hesitant to give a plea in this instance "preclusive effect." *Id.*

The Court finds that there are genuine issues of material fact that preclude the granting of Plaintiff's motion for summary judgment. Accordingly, his motion as against Graves is

---

[2] "Tennessee law permits police officers to use the force necessary to effect an arrest, and police officers are only subject to civil penalties for common law battery when, under the circumstances, they employ force that is "clearly excessive." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 596 F. Supp. 2d 1101, 1118 (M.D. Tenn. 2009), *aff'd in part on other grounds*, 432 F. App'x 435 (6th Cir. 2011).

7

DENIED.

    2.    **Plaintiff's motion as to Monroe County**

Plaintiff has also filed a motion seeking summary judgment against the County. For a municipality to be liable for a constitutional violation under § 1983, the violation must be a result of a policy or custom of the city. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). "That is to say, the liability of counties and other local governments under § 1983 depends solely on whether the plaintiff's constitutional rights have been violated as a result of a 'policy' or 'custom' attributable to the county or local government." *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). There are four general paths a plaintiff may take to "prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency polices; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citations omitted).

Because the Court has denied his motion against Graves, the Court finds that for the same reasons his motion against the County should also be DENIED. Whether Plaintiff's constitutional rights have been violated has yet to be established at this point. Also, Plaintiff has not established that Monroe County had a policy or custom that was the moving force behind purported violation of Plaintiff's constitutional rights, that is, he has not shown that his rights were violated as a result of a 'policy' or 'custom' attributable to the county. *Id.* Accordingly, his motion for summary judgment against the County is DENIED.

**B.    Defendant Graves' Motion for Summary Judgment [Doc. 25]**

Defendant Graves has filed a motion for summary judgment, claiming that he is entitled

8

to qualified immunity, and as such, Plaintiff's case should be dismissed. He did not file a Statement of Material Facts. Instead, he filed a memorandum of law outlining his legal arguments as to why the case against him should be dismissed and a declaration.

He contends that when he arrived at the scene of the traffic stop, he "observed a struggle in the middle of the road on the ground between Officer Johnson and [Plaintiff]." [Doc. 25-1, ¶ 10]. He tased Plaintiff "because of the uncertainty of the state of mind of [Plaintiff], and non-compliance…." [*Id.* at ¶ 13]. Once Plaintiff was taken into custody and transported to the cell at the jail, Graves states that Plaintiff "did attempt to bite and harm officers and refused verbal commands." [*Id.* at ¶ 23]. He then claimed that he administered a knee strike and a palm hand strike "[i]n response to [Plaintiff's] actions and physical attack on officers…." [*Id.* at ¶ 24]. Notwithstanding that, Graves now contends that he did not assault Plaintiff. *See* [Doc. 27, pg. 17]("Derrick Graves did not assault or commit a battery against [Plaintiff]").[3]

In response, Plaintiff submitted portions of his own deposition where he takes issue with Graves' version of events. "I wasn't fighting," Plaintiff claims [Doc. 35-1, pg. 127]. He claims that Graves tased him while he was handcuffed and lying on his back. [*Id.* at 281, 290-91, 294,95]. He also notes that when he was in the jail cell, he remained handcuffed when Graves entered the cell and punched him in the head and body. [*Id.* at 316-17]. Contrary to Graves' version, Plaintiff stated that "I was sitting there still, doing nothing…. I did not bite anyone." [Doc. 35-1, pg. 321]. He disputes that he was even trying to do that. [*Id.*]. Thus, Plaintiff disputes material facts that would place in serious doubt whether Graves would be entitled to

---

[3] The record is clear that at Graves' sentencing hearing on the assault and attempted official misconduct charges, he acknowledged that he assaulted Plaintiff. At his deposition in this case, he again admitted to assaulting Plaintiff [Doc. 24-1, pg. 2]. While he disputed that the force he used was excessive, he nevertheless admitted to assaulting Plaintiff.

9

judgment as a matter of law.

Graves claims that he is entitled to qualified immunity. Qualified immunity shields government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Estate of Matthews v. City of Dearborn, Michigan*, No. 19-1592, 2020 WL 5520638, at *3 (6th Cir. Sept. 14, 2020)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Plaintiff carries the burden of proving that Graves is not entitled to qualified immunity. *Id.*

In this case, Plaintiff has carried his burden. In the context of a Fourth Amendment excessive-force claim, the "use of force after a suspect has been incapacitated or neutralized is excessive as a matter of law." *Morrison v. Board of Trustees of Green Tp.*, 583 F.3d 394, 404 (6th Cir.2009) (quoting *Baker v. City of Hamilton Ohio*, 471 F.3d 601, 609 (6th Cir.2006). The Sixth Circuit case law "'clearly establish[es] the right of people who pose no safety risk to the police to be free from gratuitous violence during arrest.'" *Shreve v. Jessamine County Fiscal Court*, 453 F.3d 681, 687–88 (6th Cir.2006). "This circuit's case law has recognized the unconstitutionality of using gratuitous force against an incapacitated suspect since 1991." *Id.* (quoting *Solovy v. Morabito*, 375 F. App'x 521, 528 (6th Cir.2010)). That is what is at issue in this case.

The Court finds that there is a genuine issue of material fact that precludes granting Graves' motion for summary judgment. Graves has admitted to assaulting Plaintiff and argues he did not assault Plaintiff. Ignoring his inconsistencies, Plaintiff has placed at issue material facts that preclude granting summary judgment. Indeed, "[a]ny credibility determination made between the officers' and [plaintiff's] version of events is inappropriate for summary judgment."

10

*Tarver v. City of Edna*, 410 F.3d 745, 752-54 (5th Cir. 2005) (affirming in relevant part denial of motion for summary judgment in § 1983 case involving allegation of excessive force); *see also Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990) (where a "district court could resolve [a factual] dispute only by deciding to believe [defendant's] affidavit rather than plaintiffs' affidavits, [ ] such a credibility determination is inappropriate in ruling on a motion for summary judgment").

For the reasons stated, Graves' motion for summary judgment [Doc. 25] is DENIED.

SO ORDERED:

s/Clifton L. Corker
United States District Judge