| | |
|---|---|
| ANDREW JOSTEN LOVINGOOD )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>BILL JOHNSON, )<br>DERRICK GRAVES, and )<br>MONROE COUNTY, TENNESSEE )<br>)<br>Defendants. ) | Docket No.: 3:19-CV-00009 |

# FINAL PRETRIAL ORDER

This matter having come before the Court on _____ at a pretrial conference pursuant to Federal Rules of Civil Procedure 16, and Troy L. Bowlin, II having appeared as counsel for the plaintiff, Aurthur Knight for Defendant Bill Johnson, and Scott Lanzon for Derrick Graves.

The following recitals are made:

1. **JURISDICTION:** The remaining claims to be tried are against Bill Johnson and Derrick Graves, in their individual capacity under 42 U.S.C. § 1983 and for state-law negligence and battery/assault. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, & 42 U.S.C. § 1983. The jurisdiction of the court is not disputed.

2. **GENERAL NATURE OF THE CLAIMS OF THE PARTIES:**

   (a) **Stipulated Facts:** The parties have engaged in a good-faith effort to agree on all relevant facts where there is no reasonable basis for disagreement. These stipulated facts are the following:

   (1) On April 19, 2014, Plaintiff Andrew Lovingood came in to contact with Captain Johnson and Detective Graves as well as other employees of the Sheriff's Department of Monroe County, Tennessee.
   (2) Plaintiff was and is a citizen and resident of Monroe County, Tennessee.
   (3) At all times material herein, Defendant Bill Johnson was a captiain employed by Monroe County, and assigned to the Sheriff's Department.
   (4) At all times material herein, Defendant Derrick Graves was a detective employed by Monroe County, Tennessee and assigned to the Sheriff's Department

(5) Defendant Derrick Graves was present at the initial scene prior to transporting Mr. Lovingood, plaintiff, to the Monroe County Jail and followed Mr. Johnson in his cruiser while in civilian clothing to the Monroe County Jail.
(6) Mr. Lovingood, was not booked into the Monroe County Jail, but taken to the "drunk tank" where there were at times more than 5 officers present, which included Defendant Graves and Johnson.
(7) Officer Johnson while, Mr. Lovingood was shackled and handcuffed, "punched" Mr. Lovingood about the head with a closed fist.
(8) Mr. Lovingod was later taken to Moccasin Bend to receive treatment.
(9) Defendant Graves lost lost his job at Monroe County Sheriff's department as a result of this incident.

**Plaintiff Theory: <u>The Events of April 19, 2014</u>**

On April 19, 2014, Mr. Lovingood was at the Election Commission voting. He became uncomfortable as he suffers from emotional and/or psychological issues, and he left with the idea of going home. While on the road, Lovingood was stopped by Defendant Bill Johnson, a Deputy Sherriff with the Monroe County Sherriff's Department whom was on routine patrol in his marked cruiser. Lovingood was placed under arrest and a struggle ensued at the scene of the arrest with Defendant Johnson where Lovingood was struck with a closed fist and beaten and struck about his body. Defendant Derrick Graves, a Sherriff's deputy who was off-duty but "on call" at the time, arrived to provide backup to Johnson. Graves admits a "scuffle" ensued on the side of the road. Lovingood was pinned to the ground, repeatedly tased by Graves, and put into handcuffs and hobble restraints. Lovingood was then transported to Monroe County Jail by Johnson. Defendant Graves continued on to the Jail. Video surveillance footage shows Lovingood—still hogtied—being unceremoniously thrown to the concrete pavement outside the Jail by Defendant Johnson.

At the County Jail, a total of five deputies and jailers, including Graves, entered the holding cell with a restrained Lovingood. While the other officers were attempting to adjust Lovingood's

handcuffs, Graves administered several knee-strikes to Lovingood's face and lower body; Graves also used his hands to strike Lovingood twice in the face. Defendant Johnson, delivered a closed fist blow to Mr. Lovingood head and face while shackled and handcuffed while inside the cell.

Graves avoided any punishment or even inquiry in the months that followed. On September 24, 2014, five months after the incident and under the purview of a _**new**_ Sherriff's administration, Graves' employment was terminated in response to the events surrounding Mr. Lovingood's arrest.

In April 2015, a grand jury indicted Graves for assaulting Lovingood in violation of T.C.A. § 39-13-101 and for official misconduct in violation of T.C.A. § 39-16-402. Specifically, the grand jury presented the following charges:

> Graves, on or about the 19th day of April 2014, in Monroe County, Tennessee ... was a public servant, to wit: a police officer in Monroe County, Tennessee, with the Monroe County Sheriff's Department, and did unlawfully, with intent to obtain a benefit or to harm another, **intentionally, or knowingly commit an act relating to his office of employment that constituted an unauthorized exercise of official power, by assaulting Andrew J. Lovingood**[.]
>
> Graves, on or about the 19th day of April 2014, in Monroe County, Tennessee ... did unlawfully and **intentionally, knowingly, or recklessly cause bodily injury** to Andrew J. Lovingood[.]

On March 13, 2017, Graves entered a plea of guilty to misdemeanor assault and misdemeanor attempted official misconduct. (The Court: **"[Y]ou've entered a plea of guilty because you've admitted you've done this**." Graves: "**Yes, sir**."); In his deposition, when asked if he considered his use of force on Lovingood to be reasonable, Graves responded "I would do things differently if I had to do them over again. I wouldn't have struck [Mr. Lovingood] if I had to do it over again." Similarly, at his sentencing hearing, Graves apologized for his actions and recognized that "the events didn't go as they should have." As part of his plea, Graves stipulated

3

to receipt of the information contained in the presentence report, including the formal grand jury charges.

As a result of his guilty plea to the two misdemeanor charges, Graves received two probated concurrent sentences of 11 months and 29 days pursuant to the State's judicial diversion program, including mandated completion of a life-skills class. Although the State did not request jail time as part of Graves' plea agreement, the Court went on to sentence him to serve six days in jail. (Court: "I'm making you serve that time. I want you to feel the discomfort of incarceration knowing that every choice you make has accountability and responsibility that comes with it. And so, I think six days is fair and reasonable given the injuries suffered to [Lovingood]."). Tennessee's judicial diversion statute makes clear "[a] plea of guilty is admissible into evidence in [a] civil trial as a judicial admission." T.C.A. § 40-35-313(b)(1).

**(b) Defendant Johnson Theory:**

Mr. Johnson denies violating Plaintiff's federal constitutional rights or engaging in any wrongdoing of or concerning Plaintiff. Mr. Johnson avers Plaintiff is not entitled to any relief in this cause.

Mr. Johnson avers all force he utilized against Plaintiff was reasonable and in compliance with the Fourth and Fourteenth Amendments to the United States Constitution.

Mr. Johnson was serving papers and was traveling on Highway 441 in Monroe County, Tennessee. Plaintiff's vehicle suddenly stopped directly in front of Johnson's in the middle of the road. Mr. Johnson's vehicle was forced to stop behind Plaintiff's vehicle. Plaintiff got out and ran back toward Mr. Johnson demanding to know why he was following him. Mr. Johnson was not following Plaintiff but rather simply patrolling and serving various court documents.

In any event, after Plaintiff continued to verbally assault him as well as engage in highly unusual behavior, Mr. Johnson exited the vehicle and attempted to place Plaintiff under arrest for driving under the influence of an intoxicant, and other related offenses. Plaintiff unlawfully resisted and physically attacked Mr. Johnson and a struggle ensued.

4

Plaintiff, clearly under the influence of some intoxicant, possessed superhuman strength and continued to physically assault Mr. Johnson. In a desperate attempt to control the situation, Mr. Johnson deployed his taser. Mr. Johnson partially tased Plaintiff but it had no effect on the Plaintiff's behavior.

Based on his experience as a law enforcement officer, Mr. Johnson surmised the Plaintiff was on some sort of illicit drug as he could not be controlled. Private citizens and other law enforcement officers stopped at the scene and aided Mr. Johnson in getting Plaintiff under control. Plaintiff still resisted, including attempts to bite several individuals."

Plaintiff was restrained and placed in the back of Mr. Johnson's vehicle and taken to the sallyport at the Monroe County Jail.

At the jail, Plaintiff refused to exit the vehicle and began to resist again. As a result of his actions, Plaintiff had to be removed from Mr. Johnson's vehicle and he continued to resist prompting the presence of 4-5 officers who continually attempted to get Plaintiff to calm down. Plaintiff was not booked into the facility but rather left in cell number ten as Plaintiff was not fit to be booked and posed a significant danger to any officers participating in the booking process as Plaintiff was unstable and physically hostile to law enforcement. Plaintiff was also a danger to other inmates.

As a result of his condition, Plaintiff was first taken to Athens Regional Hospital in Athens, Tennessee and then, when original paperwork could be obtained, Moccasin Bend, in Chattanooga.

Throughout the transport, Plaintiff resisted. He repeatedly admitted he had taken "bath salts" and other drugs that day. In fact, during his evaluations by physicians at both venues, Plaintiff actively fought the healthcare providers and it took 5-6 male orderly/nurses to restrain him. Plaintiff repeatedly threw himself on the ground and attempted to bite both the officers and hospital personnel.

Plaintiff instituted a civil action in the United States District Court for the Eastern District of Tennessee at Knoxville, discovery ensued, and Plaintiff voluntarily dismissed the action without prejudice. Plaintiff not only reinstituted the action, but sought and obtained indictments/presentments against Mr. Johnson and Mr. Johnson was criminally tried in the Criminal Court for Monroe County, Tennessee on January 24, 2018. Mr. Johnson was acquitted of all charges.

### (c) Defendant Graves Theory:

Mr. Graves denies violating Plaintiffs federal constitutional rights or engaging in any wrongdoing of or concerning the Plaintiff. Mr. Graves avers Plaintiff is not entitled to any relief in this cause of action.

Mr. Graves avers all force he utilized against Plaintiff was reasonable and in compliance with the Fourth and Fourteenth Amendments to the United States Constitution.

Mr. Graves was eating lunch when he heard a distress call come across dispatch regarding an officer in distress and in need of assistance. When Mr. Graves arrived on Highway 441 he found citizens attempting to restrain the Plaintiff. The Plaintiff was physically assaulting Defendant Bill Johnson.

Mr. Graves assisted in detain the Plaintiff. It was clear to Mr. Graves based upon his training and experience that the Plaintiff was under the influence of some drug or intoxicant. The Plaintiff possessed super human strength and was unable to be detained through ordinary means. The Plaintiff was eventually detained and transported to the Monroe County jail.

While at the Monroe County jail, the Plaintiff continued to resist and display indicators that he was extremely intoxicated. Plaintiff indicated to multiple people at the Monroe County jail that he was under the influence of bath salts and other intoxicants. Plaintiff was unstable and a danger to other officers, inmates, and himself.

Plaintiff was taken to Athens Regional Hospital due to his level of intoxication. Plaintiff continued to resist and display erratic and violent behavior throughout the transport. While at Athens Regional, Plaintiff again stated he was under the influence of bath salts and other intoxicants. Plaintiff continued to resist while he was at Athens Regional and needed multiple hospital staff to restrain him.

Plaintiff was eventually transported to Moccasin Bend. While at Moccasin Bend, Plaintiff again maintained his erratic behavior. Plaintiff also restated the reason for his intoxication, bath salts.

Plaintiff instituted a civil action in the United States District Court for the Eastern District of Tennessee at Knoxville, discovery ensued and Plaintiff voluntarily dismissed the action without prejudice. Due to various pressures, both Defendant's were indicted criminally and subsequently all charges were dismissed and expunged. Plaintiffs action is without merit and alternatively, Mr. Graves claims he is entitled to qualified immunity.

4. *CONTESTED ISSUES OF LAW:* The parties have not filed any *Motions in Limine* that have contested issues of law. At this time, the parties are unaware of any other contested issues of law.

5. *NOVEL OR UNUSUAL QUESTIONS OF LAW OR EVIDENCE:* Outside of the issues raised the parties are unaware of any other novel or unusual questions of law or evidence.

6. *DAMAGES:*

    1.    Starr Medical → 45,000.00

    2.    Blount Memorial → 10,000.00

3. Moccasin Bend → 20,000.00

4. Pain and Suffering

5. Compensatory Damages

6. Punitive Damages

7. Loss of Deprivation of Constitutional Rights

8. Nominal Damages

**7.** **_OTHER TRIAL INFORMATION AND OTHER MATTERS:_**

i. The pleadings are amended to conform to the pretrial order.

ii. The estimated length of trial is 3-5 days.

iii. The possibility of settlement is unlikely at this time.

iv. The parties are unaware of any miscellaneous matters that would contribute to the just, speedy, and inexpensive disposition of the case.

APPROVED FOR ENTRY:

_____
Honorable Judge Corker
Judge for the United States
Eastern District of Tennessee

APPROVED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| **THE BOWLIN LAW FIRM P.C.** | **TAYLOR and KNIGHT** |
| | |
| By: _____/s/ Troy Bowlin_____ *for The Firm* | /s/ Arthur Knight |
| Troy L. Bowlin, II No. 025893 | Arthur Knight |
| *Attorney for Plaintiff* | Attorney for Monroe County |
| First Tennessee Plaza | and Bill Johnson |
| 800 South Gay St. Suite 2131 | 800 South Gay St. Suite 600 |
| Knoxville, Tennessee 37929 | Knoxville, TN 37929 |
| Telephone: 865.245.2011 | aknight@arthurknight.com |
| troy@tblf-pc.com | |

**HINDMAN and LANZON**

/s/ Scott Lanzon
Scott Lanzon
Attorney for Derrick Graves
500 Main St. Suite 550
Knoxville, TN 37902
hindmanlaw@aol.com