UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| ANDREW JOSTEN LOVINGOOD, | ) | |
| | ) | |
| Plaintiff, | ) | 3:19-CV-00009-DCLC-HBG |
| | ) | |
| vs. | ) | |
| | ) | |
| DERRICK GRAVES and BILL JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

During the final pretrial conference on August 17, 2021, the parties jointly moved to continue the trial date and related deadlines in this matter, because an essential witness who was present during the incident is hospitalized with COVID-19. He could not be present for the trial as scheduled. For the reasons stated during the conference, the parties' joint motion is well-taken and **GRANTED**. The jury trial in this matter is hereby **CONTINUED** to **January 11, 2022 at 9:00 a.m. EST** in Courtroom 420. The final pretrial conference shall be held on **December 9, 2021 at 1:30 p.m. EST** in Courtroom 420. The remaining trial-related deadlines are amended as follows:

1. **Scheduling Matters and Motion Practice**

   a. **Final Exhibit and Witness Lists and Deposition Designations/Pretrial Disclosures:** On or before **thirty (30) days** before the final pretrial conference, the parties shall make pretrial disclosures in accordance with the following:

   (1) Provide to all parties a final witness list in accordance with Rule 26(a)(3). The list may be supplemented within **five (5) days** after service. After that time the list shall only be supplemented with leave of the court and for good cause.

   (2) Exchange exhibit lists and designations of depositions, or portions thereof, to be placed in evidence and produce the exhibits for inspection by the opposing parties.

(3) Parties may file objections after the exhibit list exchange for the *limited* purpose of raising objections to authenticity and/or admissibility. Objections must be filed at least **twenty-one (21) days** prior to the final pretrial conference. Unless written objection is made to the authenticity and/or admissibility of an exhibit, objections to the authenticity and/or admissibility of the exhibit is deemed waived unless excused for good cause.

(4) Furnish opposing parties a list of damages if damages are claimed.

**Failure to fully comply with this section will likely result in the exclusion of these items from use at trial in that party's case-in-chief.**

b. <u>**Depositions for Evidence**</u>: Depositions for evidence (proof) shall be completed **thirty (30) days** prior to the final pretrial conference unless all parties agree otherwise, which agreement shall be memorialized in writing (and not be filed with the Court), or unless leave of Court is granted.

c. <u>**Extensions of time.**</u> The parties may agree to extend the deadline for any disclosure required by Rule 26 or this scheduling order, but such agreement must be in writing to be effective. However, the deadlines for filing motions shall remain applicable, and will be extended only with court permission.

d. <u>**Motions in Limine**</u>: Motions in limine (with supporting authority) relating to exhibits, depositions (including video depositions), and witnesses (other than experts) must be filed by **November 18, 2021** and may be heard at the final pretrial conference. Responses must be filed on or before **December 2, 2021**. If either party objects to any exhibit, they shall file that objection in a motion in limine.

If a motion regarding exclusion of a portion of a recording is granted, the recording must be edited before trial to conform to the Court's order, or it will not be admitted into evidence.

The Court will not entertain a motion to exclude expert testimony styled as a motion in limine.

2. **<u>Final Pretrial Conference and Pretrial Orders</u>**

a. **<u>Final Pretrial Conference:</u>** A final pretrial conference will be held on **December 9, 2021, at 1:30 p.m. EST** at the James H. Quillen Courthouse, Courtroom 420.

b. **<u>Final Pretrial Order:</u>** Unless counsel are otherwise directed, the following governs with regard to the pretrial order. A proposed final pretrial order shall be filed **five (5) days** before the final pretrial conference. The order shall contain the following recitals:

(1) Jurisdiction

(2) Admissions and Stipulations

　　i.　The parties shall set out in numbered paragraphs each fact that is not in dispute. The parties are reminded that the Court, to reduce the need for evidence at and length of trial, expects the parties to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, the section will be read to the jury and the jury will be instructed to accept these facts as true.

(3) General Nature of the Claims of the Parties:

　　i.　<u>Summary of plaintiff's theory</u>. For each defendant, each plaintiff shall concisely state each legal theory relied upon and the factual allegations the plaintiff expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A plaintiff is expected to know the claims and be able to state precisely and succinctly the issues to be tried. ***Each claim must be set out in a separately numbered and labeled paragraph***. The Court will note that simply reciting the facts of the case is not the same as stating the legal theory.

　　ii.　<u>Summary of each defendant's theory</u>. For each claim against a defendant, each defendant shall concisely state each legal theory relied upon and the factual allegations the defendant expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A defendant is expected to know the defenses and be able must state precisely and succinctly the issues to be tried. ***Each defense must be set out in a separately numbered and labeled paragraph***.

(4) Contested Issues of Law

(5) Damages

　　i.　If damages cannot be stipulated, each party must show the method by which damages should be calculated if awarded.

(6) Other Trial Information and Other Matters

　　i.　That the pleadings are amended to conform to the pretrial order;

　　ii.　Estimated length of trial (in working days); and

　　iii.　Possibility of settlement.

**Forty-five (45)** days before the final pretrial conference (47 days if service by mail), plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working

days after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to proposed pretrial order content. The parties shall make good faith efforts to reconcile all differences and without the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's counsel shall notify the undersigned's office at least **twenty-one (21) days** before the final pretrial conference that the parties have been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial conference. Proposed amendments to a pretrial order entered ex parte by the magistrate judge may be sought by motion filed **ten (10) days** following entry of the order.

**Failure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action and the action dismissed. See Fed. R. Civ. P. 41(b).**

c. **<u>Filings Required after Final Pretrial Conference:</u>** At least **seven (7) days** before trial, counsel will:

   (1) File a final witness list identifying only the witnesses that will definitely be used at trial. This list shall not identify any witness not appearing on the witness list referenced in Section 1(a);

   (2) File a list of damages preferably stipulated to by all parties. If stipulation cannot be reach, each party must file a list showing the method of determining damages;

   (3) File designations of depositions or portions thereof which will be read at trial;

   (4) File as an exhibit resumes of all expert witnesses;

   (5) **<u>Jointly</u>** submit pre-marked exhibits. The exhibits shall be sequentially numbered with Plaintiff's exhibits first and Defendant's exhibits thereafter. Plaintiff's exhibits will be numbered one through the last exhibit Plaintiff expects to introduce and Defendant's exhibit numbers will commence with the number immediately following Plaintiff's last exhibit;

   (6) File briefs of all contested issues of law;

   (7) For jury trials, file a proposed verdict form for consideration. The parties shall also submit the proposed verdict form as a Word document via email to chambers at corker_chambers@tned.uscourts.gov. It is preferable that the parties submit a joint proposed verdict form; and

   (8) For non-jury issues, file proposed findings of fact and conclusions of law with citations of authority supporting the latter.

    d. **Jury Instructions:** At least **ten (10) days** before trial, the parties shall file requests for jury instructions, citing with each request at least one supporting authority. The parties shall also submit the proposed instructions as a Word document via e-mail to chambers at corker_chambers@tned.uscourts.gov.

3. **Trial:** The trial will be in Greeneville, Tennessee before the undersigned and a jury beginning on **January 11, 2022, at 9:00 a.m. EST**.

4. **Courtroom Technology Equipment:** The evidence presentation system facilitates and expedites hearings and trials. Attorneys are encouraged to familiarize themselves with this technology and to make full use of it. Counsel who intend to use the equipment should notify the courtroom deputy at least **two days** prior to a hearing or trial so the equipment is ready for use. The courtroom deputy, Ms. Kim Ottinger, will be available following the final pretrial conference to assist counsel with the use of the equipment. Counsel may also contact the courtroom deputy to schedule an alternate time to familiarize themselves with the equipment.

   The U.S. District Court for the Eastern District of Tennessee uses the Jury Evidence Recording system (JERS) to capture evidence electronically during a trial. Admitted evidence will be released to the jury during deliberations unless the Court specifically directs otherwise, and the evidence can be played back by the jury in the deliberation room. In order to best facilitate presentation of evidence at trial and use of the JERS, the parties are STRONGLY ENCOURAGED to provide their exhibits to the courtroom deputy no later than **ONE WEEK** before trial. The exhibits shall be the exhibits that were previously marked and numbered by the parties. The exhibits SHALL BE SUMBITTED IN ELECTRONIC FORMAT. It is preferred that the parties provide all electronic evidence files on USB drives, DVDs, or CDs.

   Information on JERS, specific requirements, and equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the courtroom deputy (directory available on website).

5. **Conclusion:** A failure to comply with the provisions of this order likely will result in the exclusion of witnesses, exhibits, depositions, or damages, as the case may be.

   SO ORDERED:

                                                       s/ Clifton L. Corker
                                                     United States District Judge