UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

**ANDREW JOSTEN LOVINGOOD,**

    Plaintiff,

**v.**

                                  No. 3:19-cv-00009

**BILL JOHNSON, DERRICK GRAVES;**
**And MONROE COUNTY, TENNESSEE;**

    Defendants**.**

## OBJECTION TO EXHIBTS

First, this Defendant interposes a general objection to any exhibit which fails to specifically identify the document or other tangible item to be shown to the jury.

Second, with respect to the specific enumerated exhibits or categories of exhibits identified in Plaintiff's Exhibit List [Doc. 83] This Defendant knows of only one video and does not object to its admissibility. That is the video of Plaintiff being taken back into the Monroe County Detention Facility after his lawful arrest.

Concerning number 2, the only issue plead with respect to this Defendant is the use of force on April 19, 2014. Accordingly, nothing in the broad categories of documents identified in Number 2 of Plaintiff's Exhibit List are relevant, not barred by Fed. Rule of Evidence 403, or hearsay. Accordingly, Number 2 is not admissible. With respect to Number 3 on Plaintiff's Exhibit List, no objection is raised by this Defendant as he was totally acquitted of Plaintiff's reckless and baseless charges against him.

With respect to Numbers 4, 5, 7, 9, 11, 12, 15, and 16, the same is inadmissible for Plaintiff's total failure to comply with Fed. Rule Civ. Pro. 26 and its disclosure

requirements, Plaintiff's rank failure to even produce any of the documents, the general objection outlined above, hearsay (perhaps even double or triple depending on the document yet unseen), relevance, and F.R.E. 403.

The TBI file referenced in Number 6 is inadmissible and the court acknowledged the same at the previous pretrial conference on August 19, 2021. Further, the report is obviously hearsay, perhaps even double or triple or more. It also may be admissible for the failure to comply with Fed. Rule Civ. Pro 26.

Concerning Number 8, the same is inadmissible hearsay. Number 8 has not been produced and the undersigned is totally unaware as to how it is relevant to the narrow issue to be decided by the jury. With respect to Number 10 and Number 14, these categories are inadmissible hearsay, Plaintiff can testify as to any lost wages and Number 10 and 14 are totally irrelevant.

The undersigned can't fathom how Number 13 of Plaintiff's Exhibit List is admissible under any theory and is clearly barred by not only relevance, but also F.R.E. 403, and hearsay, if a basis is even needed.

Again, this case is about the use of force on Andrew Lovingood on April 19, 2014. Nothing else. Accordingly, it is respectfully requested that Defendant's objections be sustained.

RESPECTFULLY SUBMITTED this 12th day of November, 2021.

s/ Arthur F. Knight, III
Arthur F. Knight, III, BPR #016178
TAYLOR & KNIGHT, P.C.
800 South Gay Street, Suite 600
Knoxville, TN 37929
Phone: 865-971-1701
Fax: 865-971-1705

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*s/Arthur F. Knight, III*
Arthur F. Knight, III