**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **ANDREW JOSTEN LOVINGOOD** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**BILL JOHNSON,** )<br>**DERRICK GRAVES,** and )<br>**MONROE COUNTY, TENNESSEE** )<br>)<br>**Defendants.** ) | **Docket No.: 3:19-CV-00009** |

**MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO BATH SALTS OR ANY
OTHER SUBSTACE and OR ANY INTOXICANT**

        **COMES NOW,** the Plaintiffs, by and through undersigned counsel, and would respectfully request that this Honorable Court enter an Order excluding the Defendants and any witnesses from stating in any fashion the phrase, "excited delirium", along with any references which allude to a speculation that any intoxicant was ingested by the Plaintiff or the Plaintiff was under the influence of any substance whatsoever.

        **IN SUPPORT**, Plaintiff states as follows:

        1. Specific tests were conducted by medical professionals which did not reveal that the Plaintiff was under the influence of any intoxicant which effected his demeanor or mannerism.

        2.     The reference that the Plaintiff was demonstrating or conducting himself as being under the influence any substance is unfounded, purely speculative, suggestive, and such a substance has not been identified by any scientific testing or methods or is not contained in any reports conducted.

3. Any representation by any witness or member of the Defense is mere speculation which is highly outweighed by its' prejudicial affect on the jury.

## MEMORANDUM

### I. Federal Rules of Evidence 401 and 402 Prohibit the Admission of the Evidence

Rule 402 of the Federal Rules of Evidence provides that "Irrelevant evidence is not admissible." Per Rule 401 of the Federal Rules of Evidence, "Evidence is relevant if (a) is has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." As shown by Defendant mentioning "under the influence of bath salts" in its filings Defendant will likely argue that Plaintiff while attempting to save his own life somehow exhibited signs of intoxication from having particular drugs identified in his system. Therefore, under Rules 401 & 402 of the Federal Rules of Evidence, any evidence or argument should be barred.

### II. Federal Rules of Evidence 403 Prohibit the Admission of the Evidence

Any mention of intoxication should be barred under Rule 403 of the Federal Rules of Evidence. Rule 403 of the Federal Rules of Evidence provides that evidence should be excluded if its "probative value" is "substantially outweighed by the danger of unfair prejudice." Plaintiffs state that this evidence has any probative value. However, even if it has some probative value, it would be minimal at best because it has no bearing on Mr. Lovingood's actions or the accounts of what occurred when Mr. Lovingood was fighting for his own life. Furthermore, the probative value would be "substantially outweighed by the danger of unfair prejudice."

### III. The Defendants have Offered No Expert to Testify Regarding

To allow the Defendants to offer this testimony without having identified any expert evidence or testimony regarding their mere speculation would disregard the clear intention of the

2

Rules of Evidence, Daubert, and this Honorable Courts Orders. Such, should be prohibited.

**WHEREFORE**, Plaintigg respectfully requests that this Honorable Court instruct and order the Defendants to instruct its witnesses to refrain from referring to or making any representations that the alleged victim had been consumed any narcotic or was displaying actions of consistent with intoxication.

**RESPECTFULLY SUBMITTED**, this the **15th** day of **November**, **2021**.

                                            **THE BOWLIN LAW FIRM P.C.**

By: _____ *for The Firm*
      Troy L. Bowlin, II No. 025893
      *Attorney for Plaintiffs*
      First Tennessee Plaza
      800 South Gay St. Suite 2131
      Knoxville, Tennessee 37929
      Telephone: 865.245.2011
      troy@tblf-pc.com
      www.thebowlinlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was transmitted for service via Pacer and this Court's Electronic Court Filing System to:

This the **15th** day of **November**, **2021**.

**THE BOWLIN LAW FIRM P.C.**

By: _____ *for The Firm*
Troy L. Bowlin, II No. 025893
*Attorney for Plaintiffs*
First Tennessee Plaza
800 South Gay St. Suite 2131
Knoxville, Tennessee 37929
Telephone: 865.245.2011
troy@tblf-pc.com
www.thebowlinlawfirm.com

4