UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ANDREW JOSTEN LOVINGOOD, | ) |
| | ) |
| Plaintiff, | )   3:19-CV-00009-DCLC-HBG |
| | ) |
| vs. | ) |
| | ) |
| DERRICK GRAVES and BILL JOHNSON, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter was set for trial before the undersigned and a jury to begin on August 24, 2021 [Doc. 54].[1] Prior to the initial final pretrial conference, the parties filed their witness lists [Docs. 60, 61, 64], proposed jury instructions [Docs. 65, 68], and a proposed final pretrial order [Doc. 67]. During the final pretrial conference on August 17, 2021, the Court noted several deficiencies with respect to the proposed final pretrial order. For example, the Court's scheduling order expressly stated that the proposed final pretrial order shall contain a summary of the parties' theories [Doc. 54]. With respect to the summary of Plaintiff's theory, the Court stated as follows:

> For each defendant, each plaintiff shall *concisely state each legal theory relied upon* and the factual allegations the plaintiff expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A plaintiff is expected to know the claims and be able to state precisely and succinctly the issues to be tried. *Each claim must be set out in a separately numbered and labeled paragraph.*

[*Id*. at pg. 3, ¶ 2(b)(3)(i)] (emphasis added). The subsequent section detailed the same requirements with respect to the summary of each Defendant's theory [*Id*. at pg. 4, ¶ 2(b)(3)(ii)].

---

[1] The Court subsequently moved the trial by one day, to begin on August 23, 2021, in light of a conflict with a criminal trial also set to begin on August 24, 2021.

1

Despite the foregoing, the proposed final pretrial order merely restated the parties' views of the facts of the case without stating legal theories or setting out any claims in separately numbered and labeled paragraphs [Doc. 67, pgs. 2–6]. Even more concerning, the proposed final pretrial order listed damages including various medical expenses, pain and suffering, compensatory damages, punitive damages, loss of deprivation of constitutional rights, and nominal damages [*Id*. at pg. 7]. But Plaintiff's counsel conceded during the final pretrial conference that he had not disclosed any medical experts and that this was a nominal damages case.

The Court additionally admonished Plaintiff's counsel regarding the insufficiency of his witness list, which enumerated a total of 80 witnesses, including vague references to witnesses such as "records custodians" for certain medical or jail facilities, "Bill Johnson's wife", "Sweetwater Hospital", "Hope Center", and various other medical centers and/or hospitals [Doc. 61]. Pursuant to Federal Rule of Civil Procedure 26(a)(3), as referenced in the Court's scheduling order [Doc. 54, pg. 2], the witness lists required as part of the pretrial disclosures shall include, inter alia, "the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises[.]" Fed.R.Civ.P. 26(a)(3)(A)(i). Plaintiff's witness list fell far short of these requirements.

Ultimately, the parties orally moved during the final pretrial conference to continue the jury trial because an essential witness was hospitalized with COVID-19. The Court granted the parties' motion and continued the jury trial to January 11, 2022, scheduled a second final pretrial conference for December 9, 2021, and amended the trial-related deadlines to conform to the new trial date [Doc. 75]. Pursuant to the Court's order, the parties were to file a proposed final pretrial order five days before the final pretrial conference [*Id*. at pg. 2, ¶ 2(b)]. The Court again expressly stated the required recitals for the final pretrial order and clarified with respect to the summary of

2

Plaintiff's theory that "simply reciting the facts of the case is not the same as stating the legal theory." [*Id*. at pg. 3, ¶ 2(b)(3)(i)]. The Court also warned that "[f]ailure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action and the action dismissed." [*Id*. at pg. 4].

On November 9, 2021, the parties filed their exhibit lists and witness lists [Docs. 78–83]. Plaintiff filed the same witness list as he had previously filed, including the same 80 witnesses with vague references to various individuals and medical centers and/or hospitals [Doc. 82]. The Court conducted the final pretrial conference as scheduled on December 9, 2021 and counsel for each of the parties attended via videoconference. At that time, the parties had neither filed a proposed final pretrial order nor notified the Court that one could not be agreed upon. Upon inquiry by the Court as to why this action should not be dismissed for failure to prosecute and failure to comply with the Court's order, Plaintiff's counsel stated that this was not his case—rather, it was Mr. Lovingood's case. Plaintiff's counsel also informed the Court that the parties had recently agreed to change the trial in this matter from a jury trial to a bench trial and, therefore, they needed to modify the proposed final pretrial order accordingly. However, as the Court noted, the issue of whether the fact finder of the action is the judge or jury does not relieve the parties of the requirement to comply with the Court's orders.

"Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Id*. at 363 (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). In determining whether to

3

dismiss an action under Rule 41(b), the Court considers the following factors: "whether the failure…was due to willfulness, bad faith, or fault; whether the other party was prejudiced; whether the court warned that dismissal would result; and whether less drastic sanctions were considered." *Atwater v. Bank of New York Mellon Tr. Co.*, 586 F. App'x 222 (6th Cir. 2014). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001).

Here, it is apparent that Plaintiff's counsel willfully failed to conform his witness list to comply with the Court's express orders and the Federal Rules of Civil Procedure. Despite having a second chance to file a proper witness list after the Court continued the trial and amended the trial-related deadlines, Plaintiff's counsel merely filed the same insufficient witness list. Most importantly, Plaintiff failed to file a proposed final pretrial order or, alternatively, to notify the Court that one could not be agreed upon. When afforded an opportunity to explain such failures, Plaintiff's counsel gave no justification. This alone constitutes contumacious conduct in view of counsel's utter disregard of the Court's orders. The proposed final pretrial order is also arguably one of the most important pre-trial filings, as the order supersedes all prior pleadings and controls the subsequent course of the action. *Rockwell Int't Corp. v. U.S.*, 549 U.S. 457, 474 (2007); *see* Fed.R.Civ.P. 16(d).

The Court also warned Plaintiff in its January 21, 2021 Amended Scheduling Order that failure to file an agreed pretrial order or notify the Court that one could not be agreed upon may result in dismissal of the action [Doc. 54, pg. 4, ¶ 2]. In its August 19, 2021 Order continuing the trial, the Court again ordered the filing of a final pretrial order, specified what the order shall contain, and stated that a failure to file the order may result in dismissal of the action for failure to

4

prosecute [Doc. 75, pg. 4, ¶ 2]. Despite these warnings, Plaintiff's counsel failed to comply with the Court's order.

This is not the first instance in which counsel for Plaintiff has failed to meet deadlines in this action. On November 16, 2020, former Defendant Monroe County, Tennessee filed a Motion for Summary Judgment [Doc. 42]. On December 16, 2020, over one week after the response deadline had passed, Plaintiff's counsel filed a motion for extension of time to respond to Monroe County's motion claiming that he was unable to finalize the response for filing due to "byproducts of the Covid-19 Pandemic" [Doc. 46]. After the Court denied the motion for extension of time, Plaintiff's counsel filed yet another motion for leave to file a response in which he then claimed that his support staff mis-calendared the response deadline [Doc. 48]. The Court denied the motion and noted the impact that the delay by Plaintiff's counsel has had on this case [Doc. 51].[2]

The Court recognizes that the sanction of dismissal "deprives the client of his day in court." *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992). Nonetheless, the Court finds that less drastic sanctions would not be appropriate due to Plaintiff's counsel's contumacious conduct and reckless disregard for the effect of his conduct on the proceedings. In light of the foregoing, the factors weigh heavily in favor of dismissal of the action. Accordingly, this action is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the orders of the Court. The Clerk is **DIRECTED** to close this case.

SO ORDERED:

s/ Clifton L. Corker<br>
United States District Judge

---

[2] The Court later granted the parties joint motion to continue the trial and accepted Plaintiff's late-filed response to Monroe County's motion for summary judgment, considering the previous denial was largely based on the delay the response would cause given the approaching trial date.

5