UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| ANDREW JOSTEN LOVINGOOD, | ) | |
| | ) | |
| Plaintiff, | ) | 3:19-CV-00009-DCLC-JEM |
| | ) | |
| v. | ) | |
| | ) | |
| BILL JOHNSON and DERRICK GRAVES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court following a one-day bench trial on October 30, 2023. Plaintiff Andrew Josten Lovingood ("Lovingood") alleges, pursuant to 42 U.S.C. § 1983, that Defendants Bill Johnson and Derrick Graves used excessive force against him in violation of the Fourth Amendment to the United States Constitution. Both Defendants take the position that the force used against Lovingood was objectively reasonable. Defendants also assert the defense of qualified immunity.

**I.     FINDINGS OF FACT**

Based on the testimony and evidence presented at trial, the Court makes the following findings of fact: At all times material herein, Defendant Bill Johnson ("Captain Johnson") was a Captain employed by Monroe County Sheriff's Office ("MCSO") and Defendant Derrick Graves ("Detective Graves") was a detective employed by MCSO. On April 19, 2014, Captain Johnson was traveling on Highway 411 in Monroe County, Tennessee when he noticed a driver, later identified as Lovingood, operating his truck erratically. Captain Johnson proceeded to follow Lovingood off of Highway 411, onto Hill Street and Niles Ferry Road. Lovingood stopped in the

middle of Niles Ferry Road, exited his truck, and ran back to Captain Johnson's patrol cruiser demanding to know why he was following him. Thereafter, a struggle ensued and Captain Johnson and others, including Detective Graves who was off duty but responded to the scene to assist Captain Johnson, subdued and arrested Lovingood. Lovingood was handcuffed, and hobble restraints were placed on his legs.

Captain Johnson then transported Lovingood to the Jail. As Captain Johnson attempted to remove Lovingood from the backset of the patrol cruiser, Lovingood resisted and tried to bite him. Captain Johnson responded by pulling Lovingood, whose hands were still cuffed and now under his legs, out onto the pavement in front of the sally port. Captain Johnson and another officer then carried Lovingood into the Jail. Inside the Jail, Lovingood was taken to Cell 10 ("the drunk tank") because he was being physically hostile.

In the drunk tank, Lovingood was placed on his stomach on the bench and five officers—three corrections officers, Captain Johnson, and Detective Graves—attempted to replace Captain Johnson's handcuffs with jail-issued handcuffs. During the attempted removal of the handcuffs, Captain Johnson struck Lovingood in the back with a closed fist because Lovingood was trying to bite the leg of a corrections officer. Detective Graves also delivered multiple knee strikes to Lovingood's body—either to his head or his back—as pain compliance because he would not allow the officers to move his hands up on his back to remove the handcuffs. Eventually, the officers ceased their efforts to remove the handcuffs and left Lovingood in the drunk tank to cool off. As a result of the foregoing events, Detective Graves lost his job with the MCSO.

## II. CONCLUSIONS OF LAW

Based on the foregoing events, Lovingood alleges Captain Johnson and Detective Graves are liable under 42 U.S.C. § 1983. Section 1983 provides "a method for vindicating federal rights

2

Case 3:19-cv-00009-DCLC-JEM   Document 154   Filed 01/30/24   Page 2 of 6   PageID #: 1426

elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). To succeed under Section 1983, a plaintiff must show "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). The second element here is met, because both Captain Johnson and Detective Graves were acting under color of state law at the time of the incident. As for the first element, Lovingood alleges both Captain Johnson and Detective Graves deprived him of his rights under the Fourth Amendment to the United States Constitution by using excessive force.

The Fourth Amendment protects against "unreasonable searches and seizures[.]" U.S. Const. amend. IV. This "prohibition against unreasonable seizures prohibits the use of excessive force," *Hicks v. Scott*, 958 F.3d 421, 435 (6th Cir. 2020), and the Fourth Amendment's reasonableness standard is employed to determine whether a particular use of force against an arrestee is excessive. *Graham v. Connor*, 490 U.S. 386, 395 (1989). That standard requires that the officer's use of force be objectively reasonable, balancing the cost to the individual against the government's interests in effecting the seizure." *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002). The test of reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (1989). Moreover, reasonableness is judged from the perspective of a reasonable officer on the scene and not with the benefit of hindsight. *Id*.

Here, Lovingood asserts three separate instances of excessive force—(1) Captain Johnson's act of pulling him out of the patrol cruiser onto the pavement; (2) Captain Johnson's punches while in the drunk tank; and (3) Detective Graves's knee strikes while in the drunk tank.

3

As an initial matter, none of Captain Johnson's actions constitute excessive force. Lovingood was aggressive from the beginning of his encounter with Captain Johnson, he had to be tased and held by multiple officers to be subdued at the scene, and he tried to bite Captain Johnson when he initially attempted to remove Lovingood from the patrol cruiser. Considering the totality of the circumstances, Captain Johnson's actions in pulling Lovingood out of the patrol cruise were objectively reasonable. Similarly, Captain Johnson delivered two punches to Lovingood's back when Lovingood, again, attempted to bite a corrections officer. Lovingood was reportedly growling and showing his teeth and Captain Johnson's punches were delivered to prevent Lovingood from harming the corrections officer standing next to him. Thus, Detective Johnson's actions do not constitute excessive force under the Fourth Amendment.

Detective Graves, on the other hand, delivered three knee strikes as "pain compliance" measures because Lovingood reportedly would not allow the officers to move his hands from under his legs to his back to remove the handcuffs. This, without more, does not justify the use of force in the form of knee strikes. At the time Detective Graves delivered the knee strikes, Lovingood did not pose an immediate threat to the safety of the officers in the room—he was handcuffed, his legs were in hobble restraints, and he was not at that moment trying to bite anyone. Because he was restrained, he was not resisting or attempting to evade arrest. In sum, the totality of the circumstances show that the knee strikes delivered by Detective Graves were completely gratuitous and not objectively reasonable. Accordingly, the use of force employed by Detective Graves constitutes excessive force in violation of the Fourth Amendment.

That does not end the inquiry, however, because Detective Graves asserts the defense of qualified immunity, which "shields government officials in the performance of discretionary functions . . . unless their actions violate clearly established rights." *DiLuzio v. Vill. of Yorkville*,

796 F.3d 604, 608 (6th Cir. 2015). Once raised, a plaintiff may overcome the defense of qualified immunity only by showing that (1) the defendant's actions violated a constitutional right and (2) such right "was 'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001). Here, Lovingood has shown that Defendant Graves violated his Fourth Amendment rights by delivering knee strikes while he was detained and not actively resisting. This right was also clearly established on the date of the incident. *Hagans v. Franklin Cnty. Sheriff's Off.*, 695 F.3d 505, 509 (6th Cir. 2012) (collecting cases in which excessive force was found where "suspects were compliant or had stopped resisting"). Thus, Defendant Graves is not entitled to qualified immunity.

As a result of the events discussed herein, Lovingood seeks damages for pain and suffering, compensatory damages, punitive damages, loss of deprivation of constitutional rights, and nominal damages [Doc. 150, pgs. 12, 13]. Given that "the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights[,] . . . no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Here, Lovingood has presented no proof of actual injuries which would support an award of compensatory damages. Likewise, he is not entitled to punitive damages due to the failure to prove the requisite intent. *Smith v. Wade*, 461 U.S. 30, 56 (1983) (punitive damages may be assessed "in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."). However, due to the violation of his Fourth Amendment right to be free from unreasonable seizure, Lovingood is entitled to nominal damages of $1.00.

5

### III. CONCLUSION

Based on the foregoing, the Court finds that Lovingood has proven by a preponderance of the evidence that Detective Graves used excessive force against him in violation of his Fourth Amendment right to be free from the use of excessive force. However, Plaintiff has failed to prove by a preponderance of the evidence the same as it relates to Captain Johnson. Accordingly, Plaintiff has prevailed in his claim under 42 U.S.C. § 1983 against Detective Graves, but the claims against Captain Johnson are **DISMISSED**. A separate judgment will enter.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

6

Case 3:19-cv-00009-DCLC-JEM   Document 154   Filed 01/30/24   Page 6 of 6   PageID #: 1430